UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES A. BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv475 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act

through June 30, 2018.

2. The claimant has not engaged in substantial gainful activity since February 16, 2014, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: left shoulder injury/impingement syndrome/osteoarthritis (Exhibits 1F, 3F, 4F, 5F and 6F); chronic neck pain due to multi-level degenerative dis disease of the cervical spine (Exhibits 4F and 8F); history of migraine headaches (Exhibit 5F); sleep apnea and hypertension (Exhibits 3F, 5F and 8F) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of "light" work as defined in 20 CFR 404.1567(b) and 416.967(b). More specifically, it is determined that the claimant retains the ability to lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently, sit at least six out of eight hours in an eight hour workday, and stand/walk, in combination, at least six out of eight hours in an eight hour workday but with the following additional limitations: the claimant can lift, carry, push, and pull only 10 pounds occasionally and less than 10 pounds frequently, with the non-dominant left upper extremity; only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling; never climbing ladders, ropes, or scaffolds; no overhead reaching with the non-dominant left upper extremity; only frequent handling and fingering with the non-dominant left upper extremity; and needs to avoid concentrated exposure [to] loud noise and bright/flashing lights.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 17, 1969 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding

that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 an 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 16, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12- 19).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on May 25, 2018. On October 28, 2018, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be remanded.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is

> disabled. A negative answer at any point, other than step 3, stops
> the inquiry and leads to a determination that the claimant is not
> disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff presents three main arguments in this case: (1) the ALJ improperly failed to accommodate all of Plaintiff's impairments; (2) the VE's testimony and ALJ's step-five finding were defective; and (3) the ALJ improperly failed to consider Plaintiff's strong work history, his desire to work, and his service in the Army.

Plaintiff first argues that the ALJ erred by not accommodating all of Plaintiff's impairments, severe and non-severe, in the RFC finding, and by not considering the combination of his impairments. Plaintiff contends that "[t]he ALJ also failed to include limitations in the RFC that encompassed lost work days due to absences and limitations due to unpredictable breaks, extra breaks, or general off task issues that related to Plaintiff's need to nap". He also claims that, given all of his impairments, "and given all the medications that he must take each day, the fact that he needs to nap during the day time is entirely consistent with the medical evidence".

The Commissioner argues that Plaintiff points to no medical evidence to support his allegation that he needs to nap or that additional limitations were warranted and merely points to his own testimony and the VE's testimony, and generally refers to his impairments and medications he must take.

Notably, the Commissioner has not cited any authority for the position that a Plaintiff

must present medical evidence of the need to nap. While it is true that a Plaintiff must prove disability, it is unclear how one would prove the need to nap other than testifying that they need to nap. It seems that the ALJ's job here is to determine the credibility of the Plaintiff's claim of needing to nap, which would include, as Plaintiff suggests, a discussion of his impairments and medications, as many medications lead to lethargy and the inability to stay awake during the day. Due to the absence of such a discussion by the ALJ, this case must be remanded.

Next, Plaintiff also challenges the ALJ's step-five finding, arguing that "the reaching, handling, and fingering limitations in the ALJ's Hypothetical and RFC would be work preclusive per the Selected Characteristics of Occupations (SCO)". In response, the Commissioner contends that Plaintiff's argument regarding the inconsistency of the handling and fingering limitations is erroneous, as the ALJ limited Plaintiff to frequent handling and fingering with the non-dominant left upper extremity (with no handling or fingering limitations at all on the dominant right upper extremity), and the hand packager and addressing clerk positions both require only frequent handling and fingering, and the inspector position requires frequent handling and only occasional fingering. Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, pp. 196, 301, 336, found at: http://onlineresources.wnylc.net/docs/ SelectedCharacteristicsSearch121110.pdf.

The ALJ limited Plaintiff to no overhead reaching with the non-dominant left upper extremity (but did not include any overhead reaching limitation on the dominant right upper extremity), and all three positions require frequent reaching. *Id.* The Commissioner contends that Plaintiff has not clearly explained and shown, with specific identification to authority, that the SCO requires that the reaching be bilateral, and thus the ALJ's finding is supported by substantial

6

evidence.  However, Plaintiff cites to page 204 of the SCO for his assertion that the inspector and hand packager jobs require frequent bilateral reaching, handling and fingering.  Likewise, Plaintiff asserts that, as per page 347 of the SCO the reaching, handling and fingering requirements for the addressing clerk job are also frequent bilaterally.  This court has reviewed the pertinent pages of the SCO, but due to the cryptic format of the document, is unable to discern whether Plaintiff is correct, as there seems to be no distinction between lateral and bilateral fingering. The Commissioner has not offered any assistance in deciphering the SCO, even though he claims that Plaintiff's reading of the document is incorrect. From what the court has been able to discern from the SCO, either interpretation could be correct.   As this case is being remanded for other reasons, discussed above, the court will also remand for a closer look at the reaching, handling and fingering requirements of the jobs the VE and the ALJ rely upon.

   Lastly, Plaintiff argues that the ALJ erred in failing to give substantial credibility to Plaintiff due to his strong work history, desire to work, and service in the United States Armed Forces.   Plaintiff correctly points out that a claimant with a good work record has earned substantial credibility when claiming an inability to work because of a disability.  *Stark v. Colvin*, 813 F.3d 684 (7th Cir. 2016).  In response, the Commissioner contends that Plaintiff's work history, desire to work, and military service would not have altered the ALJ's analysis.   However, as the case is being remanded for further consideration, the ALJ's analysis may change, and Plaintiff's history may have more bearing on the outcome.  Thus, on remand, the ALJ is to remain mindful of the law regarding credibility assessments of persons with Plaintiff's work and military history.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED for further proceedings consistent with this Opinion.

Entered: December 3, 2018.

s/ William C. Lee
William C. Lee, Judge
United States District Court